IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS GROUP, LLC, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO.  2:13-cv-272 |
| | § § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| CAESARS INTERACTIVE ENTERTAINMENT, INC., | § § § | |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendant, alleges as follows:

### THE PARTIES

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant Caesars Interactive Entertainment, Inc. ("Caesars") is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendant resides in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendant has a regular and established practice of business in this district and have committed acts of infringement in this district.

4. This Court has general and specific personal jurisdiction over defendant, because defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district.  Upon information and belief, defendant regularly

solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

**INFRINGEMENT OF U.S. PATENT NO. 7,620,565**

5.  On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

6.  On information and belief, Caesars has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Caesars's applications), one or more of the claims of the '565 patent. On information and belief, Caesars manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Caesars's applications such as Slotomania — which infringe at least claims 1, 15, and 27 of the '565 patent under 35 U.S.C. § 271.

7.  Prior to filing this complaint, Lodsys informed Caesars of the patents-in-suit and offered to enter into a licensing arrangement that would allow Caesars to continue practicing the inventions claimed in patents-in-suit. Caesars, however, chose not to enter into a licensing agreement. Instead, with knowledge of the patents-in-suit and disregard for Lodsys' patent rights, Caesars chose to continue its infringement. On information and belief, Caesars continued its infringement despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '565 patent). Caesars was made aware and, therefore, knew of the risk that it infringed the '565 patent. Accordingly, Caesars acted knowingly, willfully, and with intent to infringe the patents-in-suit.

8.  Based on the information presently available to Lodsys absent discovery, and in the alternative to direct infringement, Caesars is liable for indirect infringement of the '565 patent by inducing infringement and contributing to direct infringement of the '565 patent by others (*e.g.*, end users of Caesars's applications, including Slotomania).

9.  At least from the time Caesars received notice from Lodsys, Caesars has purposely and voluntarily made its applications available to customers, with the expectation that its applications will be used by end users within the Eastern District of Texas. On information and belief, and in the alternative to direct infringement, Caesars has thereby induced the end users of its applications within the Eastern District of Texas to infringe one or more claims of the '565 patent, and Caesars knew or should have known that its actions would induce direct infringement.

10. On information and belief, and in the alternative to direct infringement, Caesars has also contributed to the direct infringement of one or more claims of the '565 patent by intentionally and voluntarily providing its applications to end users within the Eastern District of Texas, knowing that its applications to be especially made or adapted for use by end users to infringe the '565 patent from at least the time Caesars received notice of the patents-in-suit from Lodsys. On information and belief, Caesars's applications have no substantial noninfringing uses, and Caesars acted knowing that its applications are not a staple article or commodity of commerce suitable for substantially non-infringing use.

11. Defendant's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendant the damages sustained by Lodsys as a result of defendant's wrongful acts in an amount subject to proof at trial. Defendant's infringement is willful and deliberate, including because defendant became aware of the infringing nature of its products and services at the latest when it received a notice letter from Lodsys and/or the filing of this complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078

12. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

13. On information and belief, Caesars has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Caesars's applications), one or more of the claims of the '078 patent. On information and belief, Caesars manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Caesars's applications such as Slotomania — which infringe at least claims 1 and 69 of the '078 patent under 35 U.S.C. § 271.

14. Prior to filing this complaint, Lodsys informed Caesars of the patents-in-suit and offered to enter into a licensing arrangement that would allow Caesars to continue practicing the inventions claimed in patents-in-suit. Caesars, however, chose not to enter into a licensing agreement. Instead, with knowledge of the patents-in-suit and disregard for Lodsys' patent rights, Caesars chose to continue its infringement. On information and belief, Caesars continued its infringement despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '078 patent). Caesars was made aware and, therefore, knew of the risk that it infringed the '078 patent. Accordingly, Caesars acted knowingly, willfully, and with intent to infringe the patents-in-suit.

15. Based on the information presently available to Lodsys absent discovery, and in the alternative to direct infringement, Caesars is liable for indirect infringement of the '078 patent by inducing infringement and contributing to direct infringement of the '078 patent by others (*e.g.*, end users of Caesars's applications, including Slotomania).

16. At least from the time Caesars received notice from Lodsys, Caesars has purposely and voluntarily made its applications available to customers, with the expectation that

its applications will be used by end users within the Eastern District of Texas.  On information and belief, and in the alternative to direct infringement, Caesars has thereby induced the end users of its applications within the Eastern District of Texas to infringe one or more claims of the '078 patent, and Caesars knew or should have known that its actions would induce direct infringement.

17.     On information and belief, and in the alternative to direct infringement, Caesars has also contributed to the direct infringement of one or more claims of the '078 patent by intentionally and voluntarily providing its applications to end users within the Eastern District of Texas, knowing that its applications to be especially made or adapted for use by end users to infringe the '078 patent from at least the time Caesars received notice of the patents-in-suit from Lodsys.  On information and belief, Caesars's applications have no substantial noninfringing uses, and Caesars acted knowing that its applications are not a staple article or commodity of commerce suitable for substantially non-infringing use.

18.     Defendant's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendant the damages sustained by Lodsys as a result of defendant's wrongful acts in an amount subject to proof at trial.  Defendant's infringement is willful and deliberate, including because defendant became aware of the infringing nature of its products and services at the latest when it received a notice letter from Lodsys and/or the filing of this complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendant as follows:

(a)     Declaration that defendant has infringed U.S. Patent No. 7,620,565 and U.S.

Patent No. 7,222,078;

(b) Awarding the damages arising out of defendant's infringement of U.S. Patent No. 7,620,565 and U.S. Patent No. 7,222,078 to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c) Finding defendant's infringement to be willful from the time that defendant became aware of the infringing nature of its respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys's Complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(e) Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  April 16, 2013

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. "Bo" Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9661
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
Kit W. Roth
**KELLEY, GOLDFARB, HUCK & ROTH, PLLC**
700 Fifth Avenue, Suite 6100
Seattle, Washington 98104
Telephone:  (206) 452-0260
Facsimile:  (206) 397-3062
Email: goldfarb@kdg-law.com
        huck@kdg-law.com
        roth@kdg-law.com

Attorneys for Plaintiff Lodsys Group, LLC